## IN THE SUPREME COURT OF THE STATE OF DELAWARE

FREDDY L. FLONNORY,     §
§    No. 472, 2016
    Defendant Below,     §
    Appellant,     §
§    Court Below—Superior Court of the
§    State of Delaware
    v.     §
§    Cr. ID No. 9707012190
STATE OF DELAWARE,     §
§
    Plaintiff Below,     §
    Appellee.     §

Submitted: December 6, 2016
Decided:    March 9, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## <u>ORDER</u>

This 9th day of March 2017, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1)     The appellant, Freddy L. Flonnory, filed this appeal from a Superior Court order summarily dismissing his fourth motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").[1] The State has filed a motion to affirm the Superior Court's judgment.

(2)     On appeal, Flonnory argues, in part, that the Superior Court erred when summarily dismissing his postconviction motion under Rule 61(d)(2), a relatively

---

[1] *State v. Flonnory*, 2016 WL 4442251 (Del. Super. Aug. 19, 2016).

new provision of the Rule that became effective on June 4, 2014.[2] Flonnory argues that the court should have applied an older version of the Rule that did not include the (d)(2) provision.

(3)     Flonnory's claim is without merit.  The June 4, 2014 amendments to Rule 61 apply to "postconviction motions filed on or after [June 4, 2014]."[3] Flonnory's motion for postconviction relief was filed on June 15, 2016.  The June 4 amendments, including the (d)(2) provision, applied to Flonnory's motion.

(4)     The Superior Court did not err when summarily dismissing Flonnory's fourth motion for postconviction relief under Rule 61(d)(2).  The court properly concluded that the motion was procedurally barred under Rule 61(i)(2)[4] because it failed to plead a claim that satisfied the requirements of Rule 61(d)(2)(i) or (ii).[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[2] Rule 61(d)(2) provides that a second or subsequent Rule 61 motion shall be summarily dismissed unless the motion pleads with particularity new evidence creating a strong inference of actual innocence or a new, retroactive rule of constitutional law.

[3] *See* Order Amending Super. Ct. Crim. R. 61, http://courts.delaware.gov/Superior/pdf/news_amend_rule%2061.pdf.

[4] Rule 61(i)(2) provides that "[n]o second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of (2)(i) or (2)(ii) of subdivision (d)" of the Rule.

[5] *Supra* note 2. *Accord Pierce v. State*, 2015 WL 7548847 (Del. Nov. 23, 2015) (affirming Rule 61(d)(2) summary dismissal of defendant's fourth motion for postconviction relief on procedural grounds).

2